IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRUCE KILGORE, # 04855-036,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal No. RWT-06-0066 |
| | * | Civil No. RWT-12-0557 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Bruce Kilgore's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In it, Petitioner contends the following: (1) this Court improperly admitted testimony from witness Donald Greene that Petitioner discussed murdering a co-conspirator and denied Petitioner the opportunity to confront this witness; (2) the prosecutors engaged in multiple instances of misconduct; (3) the Government improperly introduced photographs of Petitioner's van, bought post-indictment, and admitted evidence of Petitioner's prior perjury; and (4) the Court improperly instructed the jury. The Court will deny Petitioner's § 2255 because all four contentions were, or could have been, brought on direct appeal and are therefore not cognizable under a § 2255 motion. Petitioner's third contention that prosecutors engaged in multiple instances of misconduct may only be brought in a § 2255 motion when the remarks are both improper and are so prejudicial to a defendant's substantive rights that the defendant was denied a fair trial. *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998). Because prosecutors' statements did not deny Kilgore due process, Petitioner could have raised this claim on direct appeal but may not raise it in a § 2255 motion.

**BACKGROUND**

On June 13, 2008, a grand jury returned a Second Superseding Indictment charging Kilgore and thirteen others with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana. ECF No. 106. All defendants except Petitioner and Timothy Moody entered guilty pleas. The joint trial of Petitioner and Moody began on February 14, 2008, ECF No. 253, and a jury convicted both on the indicting charges on March 7, 2008, ECF No. 288. In a sentencing hearing conducted on June 11, 2008, the Court sentenced Petitioner to 240 months incarceration and five years of supervised release. ECF No. 356.

From at least January 1994 through about February 11, 2006, Ruben Lopez was the leader of an extensive cocaine and marijuana trafficking conspiracy. Gov't Resp. 2. ECF No. 558. With drugs originating from Mexico, the trafficking conspiracy was responsible for the distribution of hundreds of kilograms of cocaine and thousands of kilograms of marijuana, primarily by means of tractor trailers, from Tucson, Arizona to customers in Maryland, Ohio, Georgia, and elsewhere. *Id.* In 2004, Kilgore began transporting loads of drugs on behalf of and supplied by Lopez. Each trip Kilgore would drive a cover load of produce to "the yard" in Tucson, Arizona. *Id.* at Ex. 2, 131–41 (Trial Tr. 2/27/08); *Id.* at Ex. 3 (Trial Tr. 2/29/08), 100–02. Moody would load drugs onto the truck and Kilgore would deliver the drugs to various customers, but primarily to Martin Pollard in Maryland and Moody in Maine. In November 2006, Kilgore and co-defendant Moody were arrested in Maine. *Id.* at 3.

On February 14, 2008, the trial against Kilgore and co-defendant Moody began. Cooperating defendants John Pollard and James Vines testified as to the identification of Kilgore's car. Pollard testified that on one occasion Kilgore delivered drugs to him in a "dark

2

color blue" van with a name like "Kilgore" on the license plate. *Id.* at Ex. 5 (Trial Tr. 2/20/2008), 72, 79. Vines corroborated this testimony stating the van was a "dark color" and had a name on the license plate. *Id.* at Ex. 7, 235–38 (Trial Tr. 2/26/2008). The Government then introduced into evidence photographs that Special Agent Edmund Kelly had taken outside the Courthouse of a blue van with the license plate "Kilgore." *Id.* at Ex. 8 (Trial Tr. 2/19/2008), 130–31. Kilgore's wife, Cindy Kilgore, testified that Kilgore bought this van on June 29, 2006 but had previously owned a black van of the same make, model, and with the license plate "Kilgore." *Id.* at 4, Ex. 9, 85–86 (Trial Tr. 3/5/2008).

During the trial, Kilgore elected to testify. In Kilgore's testimony, the Government questioned him about previous bankruptcy proceedings, which his wife had discussed in her testimony. *Id.* at 48–49. Kilgore admitted to having committed perjury during those proceedings. *Id.* at 220.

On March 7, 2008, the jury returned a guilty verdict finding Kilgore responsible for conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and at least 1,000 kilograms of marijuana. ECF No. 288. At the sentencing hearing on June 11, 2008, the Court found a base offense level of 36. Gov't Resp. at Ex. 1, 37 (Sentencing Tr.). Due to Kilgore's "incredible" and "perjurious" testimony, the Court applied a two-level upward adjustment for obstruction of justice bringing his sentence to 240 months. ECF No. 356.

Petitioner filed a notice of appeal on June 16, 2008, ECF No. 362, and a motion to correct his sentence on June 18, 2008, which the Court denied. ECF No. 274. The U.S. Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on November 19, 2010. *United States v. Kilgore*, 401 Fed. App'x 842 (4th Cir. 2010). The

Petitioner did not file a petition for a writ of certiorari in the Supreme Court but timely filed this § 2255 motion pending before the Court.

## DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.

    **I.    Petitioner's claims may not be asserted in a § 2255 motion, because all four of his grounds for relief either were, or could have been, brought on direct appeal.**

Issues brought on direct appeal, in addition to issues that could have been brought, but were not, may not be raised in a collateral attack. A petitioner may not circumvent a proper ruling on direct appeal "by re-raising the same challenges in a § 2255 motion." *See United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[Petitioner] will not be allowed to recast, under the guise of collateral attack, questions fully considered by [the] court."). Because a § 2255 motion "[may] not be allowed to do service for an appeal," non-constitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)).

The Supreme Court recognizes an exception permitting collateral attack of issues that could have, but were not, brought on direct appeal when the petitioner can show cause and actual prejudice, resulting from the absence of directly appealing the issue(s), or actual innocence.

4

*United States v. Mikalajunas*, 186 F.3d 490, 492–93 (1999). Cause must turn on something external to the defense, "such as the novelty of the claim or a denial of effective assistance of counsel," *id.*, and actual prejudice must show not merely the creation of "the possibility of prejudice" but demonstrate that the error worked to petitioner's "actual and substantial disadvantage." *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

All four of Petitioner's grounds for relief were, or could have been, brought on direct appeal. In Petitioner's first ground for relief, he asserts that this Court admitted Donald Greene's testimony alleging Petitioner discussed murdering a co-conspirator in violation of Federal Rule of Evidence 404(b), that the admission of Greene's testimony resulted in a violation of Federal Rules of Evidence 104(b) and 806, and that he was denied his Constitutional right to confront Greene as a witness against him. Mot. 2–6. Petitioner brought the Rule 404(b) claim for admissibility of evidence on direct appeal. The Fourth Circuit rejected Petitioner's claim, finding this Court did not abuse its discretion by admitting the challenged evidence. *United States v. Kilgore*, 401 Fed. App'x 842, 844 (4th Cir. 2012) ("[T]he evidence was intrinsic to the charged conspiracy and was relevant to the issues of intent, motive, and opportunity."). Further, the alleged violations of Federal Rules of Evidence 104(b) and 806 and "confrontational denial"[1] could have been, but were not, brought on direct appeal. Petitioner, therefore, waived his right to litigate the claims on appeal and is prohibited from bringing the claims in a § 2255 motion. *See Stone v. Powell*, 428 U.S. 465, 477 (1976).

Petitioner's third and fourth asserted grounds for relief also could have been, but were not, brought on appeal. Petitioner's third claim asserts the Court improperly admitted evidence

---

[1] Petitioner was not denied his Sixth Amendment right to confront a witness against him; Petitioner's counsel cross-examined Greene at trial. Gov't Resp. at Ex. 2, 176 (Trial Tr. 2/29/08).

of his prior, uncharged perjury in bankruptcy proceedings and pictures of his van, bought post indictment. Petitioner's fourth claim asserts the Court improperly failed to provide a limiting instruction regarding post-indictment evidence, improperly provided a jury instruction regarding his previous perjury, and provided conflicting jury instructions. Mot. 24–28. ECF No. 529. The Court provided a limiting instruction for co-defendant Moody, prohibiting the jury from relying solely on evidence of drug transactions that occurred after the end-date of the charged conspiracy. ECF. No. 295, at 13–14. This limiting instruction was unnecessary for Petitioner because the limiting instruction was given in relation to the testimony of Evelyn Lopez Gomez. Gomez did not testify about drug transactions regarding Petitioner after the end-date charged. Petitioner did indeed testify to previously perjuring himself on the stand, so the cautionary jury instructions were proper. Lastly, there was no conflict in the jury instructions. Petitioner's third and fourth claim are meritless and could have been asserted on direct appeal. Petitioner, therefore, does not assert a cognizable § 2255 claim.

II. **Petitioner's asserted second ground for relief—that prosecutors engaged in multiple instances of misconduct—is meritless and must rise to the level of a constitutional violation to be asserted in a § 2255 claim.**

Kilgore argues that the prosecutors improperly vouched for the credibility of witnesses, misstated the evidence in closing argument, and made improper remarks, which amounted to prosecutorial misconduct. Mot. 6–10. For a prosecutor's remarks to amount to a denial of due process, the remarks must have been (1) improper and (2) so prejudicial to a defendant's substantive rights that the defendant was denied a fair trial. *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998); *United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995). A court may find a prosecutor's remarks improper while still finding they were not so prejudicial as to deprive a defendant of a fair trial. *See Darden v. Wainwright*, 477 U.S. 169, 179–80 (1986)

(explaining that the prosecutor's comments "undoubtedly were improper" but "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.") (internal quotations omitted); *see also Bennett v. Angelone*, 92 F.3d 1336, 1346 (4th Cir. 1996) ("[N]ot every improper trial argument amounts to a denial of due process.").

Courts look to four factors to determine whether an improper statement deprives the defendant of a fair trial. The Court examines, (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998).

The alleged instances of prosecutorial misconduct are meritless; even if there existed prosecutorial misconduct, it would not rise to the level of a constitutional violation. The alleged instances are isolated, and there is no evidence the prosecutor's remarks were made to deliberately mislead the jury. Also, there was strong proof to establish guilt. This Court noted this at sentencing when discussing the speed at which the jury deliberated, stating, "I don't think the speed was any indication of lack of caution; it was reflective of the overwhelming evidence in the case." Govt. Resp. at Ex. 1, 49 (Sentencing Tr.).

Kilgore's claims that the remarks were improper do not rise to the level of constitutional violations and thus should have been brought on direct appeal. Because they were not, Kilgore waived his right to assert them, and they may not be brought here. *See Stone v. Powell*, 428 U.S. 465, 477 (1976).

**CERTIFICATE OF APPEALABILITY**

Kilgore may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Kilgore has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Kilgore's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Kilgore's claims, and thus no certificate of appealability shall issue.

**CONCLUSION**

The Court finds that Petitioner's claims that prosecutors' remarks were improper do not rise to the level of a denial of due process, and that all claims either were, or could have been, but were not, brought on direct appeal. Kilgore's motion will be denied and no certificate of appealability shall issue. Accordingly, it is, this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 529] is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-12-0557.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE